UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC TOPSOILS, INC., a Washington
corporation,

                    Plaintiff,                          CASE NO. C04-2187C

          v.                                             ORDER

UNITED WOOD PRODUCTS COMPANY, an
Oregon corporation,

                    Defendant.

I.      INTRODUCTION

        This matter has come before the Court on Plaintiff's motion for summary judgment (Dkt. No. 13)
and Defendant's motion to amend its Answer (Dkt. No. 20).  Having carefully considered the papers filed
by the parties in support of and in opposition to the motions, the Court has determined that no oral
argument shall be necessary.  For the reasons that follow, the Court hereby GRANTS Plaintiff's motion
and DENIES Defendant's motion.

II.     BACKGROUND

        A.      Procedural background

        Plaintiff originally brought this breach of contract action in Snohomish County Superior Court,

ORDER – 1

seeking judgment for the principal amount of $87,720.63, plus interest, costs and attorney fees.  Upon learning that Defendant intended to remove the action to federal district court, Plaintiff immediately sought to amend its complaint to seek judgment for the principal amount of $74,999.99, plus interest, costs and attorney fees.  On December 29, 2004, this Court denied Plaintiff's motion for remand on the basis that the amount in controversy exceeded the jurisdictional minimum.

At this juncture, it appears that Plaintiff's amended complaint was never successfully filed, rendering the original complaint the operative complaint.

       B.     *Factual background*

Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to supply certain wood products or other related materials to Defendant for use in Defendant's business.  Defendant in turn supplied these products to the Kimberly-Clark paper mill plant in Everett, Washington, for use as "hog fuel" to burn in an electrical plant.

The record reflects that the price set for the goods sold fluctuated somewhat and that the parties' agreement thereto was memorialized only in an informal manner.  The record contains only communications from Defendant's personnel setting or confirming prices – Plaintiff did not play an active role.[1]  The record also reflects that there are 949 invoices, representing a little over 850 orders, which do not appear to have been paid.[2]  Some dates have more than one invoice, but each invoice appears to correspond to a separate load.

Plaintiff has now moved for summary judgment, claiming that the outstanding balance owed is $87,720.63, plus interest of $14, 995.91, costs of $639.00, and attorney's fees of $125.00, for a total of

---

[1]The Court notes that Defendant has had ample opportunity to submit documentation suggesting otherwise, but has failed to do so.

[2]Although Defendant states that Plaintiff identified 350 "deliveries," Defendant does not explain how or where it obtains this number, or why this number is relevant in the face of the documentary evidence in the record.

ORDER – 2

1    $103,480.54.

2    III.    ANALYSIS

3           Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and

4 provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings,

5 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

6 that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a

7 matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the court must view

8 all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that

9 party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d

10 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a

11 reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party

12 bears the burden of showing that there is no evidence which supports an element essential to the non-

13 movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

14           In order to defeat a motion for summary judgment, the non-moving party must make more than

15 conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis*

16 *v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

17           In the case at bar, the Court finds that Defendant has failed to show that any genuine issue of

18 material fact remains for trial. Defendant's multiple attempts to cast doubt on the principal amount

19 demanded by Plaintiff all fail for lack of factual support. The sole source of evidence relied upon by

20 Defendant is a declaration filed by Mr. James Winters, president of United Wood Products. For example,

21 Mr. Winters claims that the parties had agreed upon a price of $6.00 per ton for local deliveries. (Winters

22 Decl. ¶ 4.) Neither Mr. Winters nor Defendant offers any explanation of why this "agreed" price never

23 shows up in the documentation supplied to the Court by Plaintiff. Without such an explanation, the

24 Court cannot give Mr. Winters's declaration any credence.

25           Defendant also argues that summary judgment would be inappropriate because of its intent to

26 ORDER – 3

amend its answer to add a counterclaim for price fixing.  Fed. R. Civ. P. 15(a) provides that leave to amend a complaint or pleading "shall be freely given when justice so requires."  However, a court shall not grant leave where "the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Here, Defendant fails to show why the interests of justice require that it be allowed to amend its complaint.  Defendant's brief in support of its motion argues only that the deadline for amending the pleadings has not yet passed.  Although the standard for allowing a party to amend a pleading is a liberal one, a party seeking to amend a pleading must show at least a minimum of factual support for the amendment.  Defendant has failed to allege any facts to support its price fixing claim.  Moreover, the timing of the amendment strongly suggests that the motion was brought in bad faith.  Given Defendant's failure to muster any credible factual allegations in support of its opposition to Plaintiff's motion for summary judgment, the Court construes its similar failure with respect to its motion to amend as a telltale sign of futility, if not of bad faith.  For these reasons, Defendant's motion for leave to amend must be DENIED.

IV.     CONCLUSION

In accordance with the foregoing, the Court finds that Defendant fails to show that any genuine issue of material fact remains for trial.  Plaintiff's motion for summary judgment is therefore GRANTED.

Because the Court finds that the amount due Plaintiff can be computed with exactness and without reliance on opinion or discretion, Plaintiff is entitled to pre-judgment interest at a rate of 12% per annum.  *Prier v. Refrigeration Eng'g Co.*, 442 P.2d 621 (1968).  Post-judgment interest on the principal judgment amount, pre-judgment interest, costs and fees shall accrue at 12% per annum until

//

//

//

ORDER – 4

paid in full.  Plaintiff is directed to file a proposed order reflecting an updated pre-judgment interest amount within five (5) days of entry of this Order.

SO ORDERED this 23d day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 5